IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER, | : | |
|        Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL BOROUGH POLICE, et al., | : | No. 08-3245 |
|        Defendants. | : | |

## MEMORANDUM AND ORDER

**Schiller, J.**                                                                                                          **March 6, 2009**

Plaintiff, Westley Retzler, recently has filed six Complaints in this District. In each case, Retzler is proceeding pro se and has been granted *in forma pauperis* (IFP) status. Retzler's handwritten Complaints in sum name over twenty-five different individuals and entities as Defendants. The Complaints are best described as a hodgepodge of alleged wrongs perpetrated against him (and his sometimes co-Plaintiff Laura Warden) by private citizens, public officials, and the government of Bucks County.

The above-captioned case centers around the harassment and assault Retzler suffered in Bristol Township and the failure of local law enforcement officials to bring the perpetrator to justice. This lawsuit names nine different individuals and entities as Defendants. Two motions are currently before this Court. In one motion, Defendants Bristol Borough Police Department, Bristol Borough Police Chief Arnold Porter, Sergeant William Lutz, and Officer James Ellis seek to dismiss the claims against them. In the other motion, Defendants Bucks County, Bucks County Detectives, Detective Robert Gorman, and Detective Terry Lachman seek to dismiss the claims against them. For the reasons below, the motions are granted.

**I.     BACKGROUND**

In early July, 2006, Defendant Michael Pacheco "physically man handled and assaulted" Retzler at the Bristol Commerce Center. (Compl. at 1-2.) According to the Complaint, Pacheco tried to ram Retzler's vehicle. When Retzler parked his vehicle and tried to get out to summon police, Pacheco grabbed him and ripped his shirt. (Compl. at 6.) Bristol Township Police took twenty-five minutes to respond and in the interim, Pacheco fled to his home. (*Id*.) Retzler alleges that his altercation with Pacheco relates to a prior incident in which the Bristol Township Chief of Police, James McAndrew, assaulted Retzler.[1] (*Id*.) According to the Complaint, Pacheco referenced this assault during their altercation and said to Retzler that "you get up and blab your mouth at Township Meeting on Television and you think you got the chief [McAndrew] but guess what [expletive omitted]  the chief got you for wiretapping." (*Id*. at 6-7.) Despite a purported investigation by Detectives Robert Gorman and Terry Lachman, no charges have been filed against Pacheco and Defendants Gorman and Lachman did not respond to Retzler's requests for information. (*Id*. at 7.)

On July 10, 2006, Retzler and Laura Warden arrived at the Defendant Bristol Borough Police Department for a pre-arranged meeting with Defendant Chief Arnie Porter to discuss why no charges had been filed against Pacheco. (*Id*. at 2.) They were informed that Chief Porter had left for the day but Defendant Sergeant William Lutz spoke with Reztler and Warden and assured them that he would inquire as to why Defendant Officer James Ellis had not filed charges and get back to them. (*Id*.) Retzler scheduled another meeting with Chief Porter for July 19, 2006, but again, Chief Porter failed to show. (*Id*.) Sergeant Lutz told Retzler to "file charges of your own," but when Retzler

---

[1] The alleged assault by McAndrew is the subject of another one of Retzler's Complaints.

went to a District Justice to do just that, he was told that the most he could do was file a private criminal complaint that would be examined by the Bucks County District Attorney, who would then decide whether charges were warranted. (*Id*. at 2-3.)  Retzler filed a private criminal complaint on July 28, 2006, but has yet to receive a response. (*Id*. at 3.)

Retzler's Complaint details two additional assaults against him.  The first is a May, 2004 road rage incident in which the police let the assailant go because he worked closely with the New Jersey State Police. (*Id*. at 4.)  The second incident occurred on March 22 (the Complaint omits the year) and led to Retzler's hospitalization. (*Id*. at 5.)  Police officers investigating the incident failed to file charges because, according to the Complaint, the police believed Reztler was a troublemaker and was probably at fault for the incident. (*Id*.)

Retlzer filed a motion for IFP status on July 10, 2008 and that motion was granted on July 21, 2008.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001).  A court should read the allegations in the light most favorable to the plaintiff and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Because Reztler is acting pro se, this Court

must construe his Complaint liberally and apply the applicable law, even if Reztler failed to mention it by name.  *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.  Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007).  Simply reciting the elements will not suffice.  *Id*. at 231.

Because Retzler is proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies.  Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (2008).  The frivolousness prong of the statute permits judges to examine the factual allegations of the complaint and dismiss claims whose factual contentions are clearly baseless.  *Guarrasi v. Gibbons*, Civ. A. No. 07-5475, 2008 WL 4601903, at *4 (E.D. Pa. Oct. 15, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III.  DISCUSSION

#### A.  Claims against Bristol Borough Police Department

The Bristol Borough Police Department is not a proper party to this lawsuit.  A local police department may not be sued along with its municipality because the police department is not a

separate legal entity. *See Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997); *Toth v. Bristol Twp.*, 215 F. Supp. 2d 595, 599 (E.D. Pa. 2002) (dismissing Bristol Township Police Department because it cannot be sued alongside Bristol Township).  Plaintiffs' response fails to address the legal status of this Defendant and instead just repeats their contentions that they have suffered harassment and various indignities at the hands of the police and government officials. (Pls.' Resp. to Mot. to Dismiss [Document No. 21] at 2-3.)  These contentions, of course, do not render this police department open to a lawsuit.  The case against the Bristol Borough Police Department is therefore dismissed.

    B.   **Claims against Chief Porter, Sergeant Lutz, and Officer Ellis**

According to Retzler, Defendants Porter, Lutz, and Ellis have not investigated or prosecuted his claims against Pacheco with sufficient alacrity.  In fact, Retzler claims that Defendants are ignoring him.

The claims against all three Defendants must be dismissed because the failure to initiate a prosecution cannot serve as the basis for a civil rights claim.  *See Reynolds v. Donate*, Civ. A. No. 07-131, 2007 WL 320754, at *2 (M.D. Pa. Jan. 30, 2007).  A private citizen does not have a judicially protected interest in the criminal prosecution of another citizen.  *See Nelson v. Pennsylvania*, Civ. A. No. 97-6548, 1997 U.S. Dist. LEXIS 19923, at *6 (E.D. Pa. Dec. 8, 1997); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Furthermore, the decision to charge someone with a crime rests within the discretion of the prosecutor, not with police detectives.  *See*

*Wayte v. United States*, 470 U.S. 598, 607 (1985).

The Complaint alleges only that Chief Porter has missed two scheduled meetings with Retzler and has not answered Retzler's inquiries regarding his allegations against Pacheco. Reztler also claims that Sergeant Lutz told Retzler that he would look into Retzler's allegations that Officer Ellis failed to pursue charges against Pacheco and that Lutz told Retzler to file private criminal charges against Pacheco. The alleged non-responsiveness of law enforcement to Retzler's repeated issues and allegations does not rise to the level of a constitutional violation. Retzler has no legally cognizable interest in the prosecution of Pacheco and he may not bring a federal case for the failure of law enforcement to arrest an individual citizen. Retzler contends that if he is not allowed to raise a claim here, he is "at the mercy of the perpetrateor [*sic*] because the government officals [*sic*] at their discretion have decided to ignor [*sic*] the plea of the victim for execution of the law even though the victim has substantiated proof." (Pls.' Resp. to Motion to Dismiss [Document No. 22] at 2.) The law here is clear; Retzler has no legally protected interest in the prosecution of another. His conclusory allegations do not alter that fact. The claims against Porter, Lutz, and Ellis are therefore dismissed.

### C.     Claims against Detectives Lachman and Gorman

According to Retzler, Lachman and Gorman have been unresponsive to his pleas for action against Michael Pacheco.

The case against Lachman and Gorman must be dismissed for the same reason that this Court is dismissing the claims against Porter, Lutz, and Ellis: Retzler cannot bring a lawsuit because Defendants failed to charge Pacheco with a crime. The failure to initiate a prosecution cannot serve as the basis for a civil rights claim. Accordingly, the case against Lachman and Gorman is

dismissed.

### D. *Monell* claim against Bucks County

Plaintiff's claim against Bucks County is presumably a *Monell* claim. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), a plaintiff may assert a § 1983 claim against a municipality if a policy, regulation, or decision officially adopted by the municipality caused a constitutional violation.

Reading the Complaint liberally, Plaintiff has failed to raise a *Monell* claim. The Complaint mentions no policy, regulation, decision, or custom that could support a § 1983 claim against Bucks County. Rather, Retzler seeks to hold the county liable for the actions of its employees. But, it is well settled that "[a] municipality cannot be responsible for damages under section 1983 on a vicarious liability theory." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004); *see also Monell*, 436 U.S. at 694-95. Merely employing a tortfeasor is insufficient to establish § 1983 liability against a municipality. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see also Leatherman v. Tarrant County,* 507 U.S. 163, 166 (1993) ( "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Plaintiff's argument that government officials in Bucks County must ensure that county employees are not biased towards private citizens does not raise a *Monell* claim. (*See* Pls.' Resp. to Mot. to Dismiss [Document No. 22] at 3.) Plaintiffs have failed to point to any policy or custom that caused a constitutional violation. Merely asserting that county officials are not doing their jobs will not suffice. The Court will therefore dismiss the claims against Bucks County.

### E. Claim against Bucks County Detectives

The Bucks County Detectives is not a proper party to this lawsuit. As noted previously, a

local police department may not sued along with its municipality because the police department is not a separate legal entity.  *See Padilla*, 110 F. App'x 272 at 278; *see also Bonenberger*, 132 F.3d at 25 n.4; *Toth*, 215 F. Supp. 2d at 599.  Additionally, persons working for the Bucks County Detectives are employed by the Bucks County District Attorney's Office.  In *Reitz v. County of Bucks*, the Third Circuit held that the Bucks County District Attorney's office is not an entity that can be sued under § 1983.  125 F.3d 139, 148 (3d Cir. 1997).  It follows that the Bucks County Detectives is also free from lawsuits under § 1983.  The case against it is therefore dismissed.

      **F.**    **Claims against Pacheco**

Having dismissed all claims that present a federal question, it is not clear that this Court would have jurisdiction over the state-law claims asserted against Pacheco, who appears from the Complaint to be a private citizen who, like Retzler, is a citizen of Pennsylvania.  *See* 28 U.S.C. § 1332(a) (requiring diversity of citizenship to establish diversity jurisdiction).  Regardless, this Court declines to exercise supplemental jurisdiction over the claims against Pacheco.  *See* 28 U.S.C. § 1367(c)(3).

**IV.**    **CONCLUSION**

For the reasons above, the Court grants Defendants' motions to dismiss.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL BOROUGH POLICE, et al., | : | No. 08-3245 |
| Defendants. | : | |

**ORDER**

**AND NOW**, this **6th** day of **March**, **2009**, upon consideration of the motion to dismiss of Defendants Bristol Borough Police Department, Arnold Porter, William Lutz, and James Ellis, the motion to dismiss of Defendants Robert Gorman, Terry Lachman, Bucks County, and Bucks County Detectives, Plaintiff's responses thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants Robert Gorman, Terry Lachman, Bucks County, and Bucks County Detectives' motion to dismiss (Document No. 16) is **GRANTED**.

2. The claims against these four Defendants are **DISMISSED with prejudice**.

3. The claims against Defendant Michael Pacheco are **DISMISSED without prejudice**.

4. Defendants Bristol Borough Police Department, Arnold Porter, William Lutz, and James Ellis' motion to dismiss (Document No. 18) is **GRANTED**.

5. The claims against these four Defendants are **DISMISSED with prejudice**.

6. The Motion to Include Additional Evidence (Document No. 20) is **DENIED**.[2]

---

[2] It is not necessary to file a motion to request that this Court take notice of a Pennsylvania statute.

7.      The Clerk of Court is directed to close this case.


                                        BY THE COURT:

                                        _____
                                        **Berle M. Schiller, J.**